I.   **PRELIMINARY STATEMENT**

The current action stems from Defendants' disparate treatment and unlawful discrimination in violation of the Americans with Disabilities Act ("ADA"), New York State Human Rights Laws, New York State Civil Rights Laws, and New York City Human Rights Laws.  In particular, Defendants have failed to remove the architectural barriers which exist at its public accommodation and have denied Plaintiff with equal access and treatment.

Plaintiff moves for default because of Defendants refusal to plead or otherwise respond to the complaint.  Plaintiff seeks a default judgment and an award of damages and attorney's fees and costs.

II.  **STATEMENT OF FACTS**

On February 1, 2018, Plaintiff filed the instant action against Defendants 216 Manhattan Realty LLC and Chawlas2 NYC Inc. Defendant 216 Manhattan Realty LLC is the owner and landlord of the subject property located at 216 Third Ave, New York, NY. (*See* Doc. No. 10; Amended Complaint ¶¶ 10, 32). Defendant Chawlas2 NYC Inc. operates a public accommodation named Chawlas located at 216 Third Ave, New York, NY.  (*See* Doc. No. 10; Amended Complaint ¶¶ 12, 32, 33).

Prior to filing the instant action, pursuant to New York State Civil Rights Law, Plaintiff served notice on the Atty. Gen. of New York State and NYC Commission on Human Rights. (*See* Decl. of James Bahamonde, Exhibits 4-5).  On February 6, 2018, Defendants 216 MANHATTAN REALTY LLC and CHAWLAS2 NYC INC were served with the summons and complaint.  (*See* Decl. of James E. Bahamonde ¶ 4).

On March 19, 2018, Plaintiff filed an Amended Complaint. (*See* Doc. No. 10). The Summons and Amended Complaint were served on Defendants 216 Manhattan Realty LLC and

Chawlas2 NYC INC., and proofs of service were filed on May 7, 2018. (*See*, Docs. No. 13 and 14).

In May 2018, Plaintiff requested a certificate of default because Defendants failed to plead or otherwise defend.  On June 27, 2018, the Clerk of the United States District Court for the Southern District of New York recognized that both Defendants were served properly and failed to respond, and issued a certificate of default. (S*ee*, Docs. No. 21; *see also* Decl. of James Bahamonde, Exhibit 2).

Plaintiff now moves for a default judgment, compensatory and statutory damages, and an award of attorney's fees and costs.

## III.   LEGAL ARGUMENT

### A.   Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments and sets forth a two-step process by which a party may secure a default judgment.  First, under Rule 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.  *See* Fed. R.Civ.P. 55(a).

In the instant action, the Clerk of the Southern District of New York entered a certificate of default against Defendants.  (S*ee*, Docs. No. 21).

The second step involved in securing a default judgment, where, as here, the relief Plaintiff's requests may not be certain, the Court may conduct hearings or order references as to damages and may award damages without hearings when there is sufficient basis for the amounts specified in the request for default judgment. *See* Fed. R.Civ.P. 55(b)(2); *See S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir 1975); *Louis Vuitton Malletier v. Artex*

*Creative Int'l Corp.*, 687 F. Supp. 2d 347 n. 1 (S.D.N.Y. 2009) citing *Wing v. East River Chinese Restaurant,* 884 F.Supp. 663, 669 (E.D.N.Y. 1995).  Once a defendant is in default, the Court accepts as true all the facts in the complaint except those relating to damages.  *See House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. N.Y. 2010).

Here, Plaintiff respectfully suggest a hearing is unnecessary because, with the supporting declarations and annexed exhibits, Plaintiff shall provide the court with the evidence necessary to determine the relief sought.

Upon moving for a default judgment, the court may simultaneously issue an injunction provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute, and (2) it meets the prerequisites for the issuance of an injunction. *Study Logic, LLC v. Clear Net Plus, Inc.*, 2012 U.S. Dist. LEXIS 135847 (E.D.N.Y. Sept. 21, 2012); *Realsongs v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 93 (E.D.N.Y. 2010).  The first condition is met in this case because injunctions are available remedies under the federal law. *See id.*

**B.      Defendants Discriminated Against Plaintiff in Violation of The Americans With Disabilities Act**

The ADA is unambiguous in its mandate to provide disabled individuals with goods, services, advantages and accommodations in the most inclusive setting appropriate.  *See* 42 USC 12182(b)(1)(B).  Thus, a building, facility, or business defined as a "public accommodation" by the Act, is required to provide a disabled person with opportunities that are not separate or different from that which is provided to able-bodied persons, but equal to that afforded to the general public.  *See* 42 U.S.C. §§ 12182(a); 42 USC 12182(b)(1)(C); 12182(b)(1)(A)(ii) and 12182(b)(1)(A)(iii).  Consequently, discrimination against an individual on the basis of their disability – i.e., denying the same use, enjoyment, advantages, services and access as that

provided to able-bodied individuals -- is specifically prohibited.  *See* 42 U.S.C. §§ 12182(a) and 12182(b)(1)(A)(i); *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. N.Y. 2008). With this background in mind, Plaintiff now turns to his entitlement to injunctive relief under 42 USC § 12188(a)(2).

### 1.    Plaintiff Is Entitled to Injunctive Relief To Compel Defendant To Alter its Public Accommodation

Title III of the ADA permits an aggrieved disabled individual to file a civil action for preventive relief, including an application for a permanent injunction, restraining order, or other order.  *See* 42 U.S.C. § 12188(a); 42 USC § 2000a–3(a); *Kahn v. N.Y. Univ. Med. Ctr.*, 328 Fed. Appx. 758, 759 (2d Cir. N.Y. 2009).   In the case of violations of sections 42 USC 12182(b)(2)(A)(iv), injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods.  42 USC § 12188(a)(2).

To obtain injunctive relief, Title III of the ADA does not require Plaintiff to establish discriminatory intent on the part of Defendant.  Instead, Plaintiff needs to establish: (1) he is disabled within the meaning of the ADA; (2) defendant owns, leases, or operates a place of public accommodation; and (3) Defendant discriminated against the plaintiff within the meaning of the ADA.  *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. N.Y. 2008) cert. denied sub nom. *Royal Atlantic Corp. v. Roberts* 129 S. Ct. 1581 (U.S. 2009).  The ADA defines discrimination as a public accommodation's failure to remove all readily achievable[1]

---

[1] Readily achievable is defined as "easily accomplishable and able to be carried out without much difficulty or expense."  *See* 28 CFR § 36.304.

architectural barriers from its place of public accommodation.  *See* 42 USC 12182(b)(2)(A)(iv); *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 129 (U.S. 2005).

To demonstrate a public accommodation's failure to remove an unlawful architectural barrier, Plaintiff needs to identify the architectural barrier and articulate a plausible proposal for barrier removal, "the costs of which, facially, do not clearly exceed its benefits." *Roberts*, *supra*, at 373.  Detailed specifications or proposals are unnecessary, "[as] the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits." *Id.*

In the instant action, Defendants have admitted all allegations in the complaint associated with its liability because they are under default.  *See* Federal Rules of Civil Procedure, Rule 55(a); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). The Amended Complaint alleges that: (1) Plaintiff suffers from a qualified disability because he is paralyzed and relies on a wheelchair for mobility;[2] (2) Defendants own, lease and operate the property that houses a public accommodation;[3] and (3) as result of the architectural barriers, Plaintiff was denied access and opportunity to participate in or benefit from these services or accommodations on the basis of his disability.[4]  *See* 42 USC § 12182(b)(2)(A)(iv) ; *see also,* Doc. No. 10; Amended Complaint ¶¶ 31-64).

Furthermore, Plaintiff has alleged a series of existing architectural barriers, of which their removal is readily achievable. (*See* Doc. No. 10; Amended Complaint ¶¶ 36, 40, 41). Consequently, Plaintiff respectfully requests an injunction ordering Defendants to remove the

---

[2] *See* Doc. No. 10; Amended Complaint ¶ 31.
[3] *See,* Doc. No. 10; Amended Complaint ¶¶ 32, 33. Defendants establishment is a place of public accommodation.  *See* 42 USC § 12181(7)(E)('establishments serving food or drink' and 'grocery store' are defined as public accommodations); *see also* New York State Human Rights Law § 292(9), New York City Admin. Code 8-102(9).
[4]  *See* Doc. No. 10; Amended Complaint ¶¶ 34-41.

architectural barriers identified in paragraph 36 of the Amended Complaint – inaccessible route to enter the public accommodation, accessible means of egress, inaccessible walkway, insufficient maneuvering clearance to access the entrance door, insufficient turning radius and maneuvering clearance in the bathroom, inaccessible bathroom door hardware, bathroom does not have sufficient clear floor space, lavatory and sinks are inaccessible, inaccessible clear floor space to access the bathrooms sink. (*See*, Doc. No. 10; Amended Complaint ¶¶ 36a – 36n).

**C.** **Defendants Have Discriminated Against Plaintiff in Violation of New York State Human Rights Laws, New York City Human Rights Laws, and New York State Civil Rights Laws**

Like the ADA, the New York State Human Rights Law and New York City Human Rights Law require places of public accommodation to provide disabled persons equal opportunity in use and enjoyment and to remove any architectural barriers which impedes access.

The ADA, New York State Human Rights Laws and New York City Human Rights Laws are substantively and textually similar to its federal and state counterparts. *See* N.Y. Exec. Law § 296.2; N.Y. City Administrative Code §§ 8-107.4 and § 8-107.15. Accordingly, since Defendant failed to provide any reasonable accommodations[5] to Plaintiff- *i.e.*, accessibility alterations to its entrance - as a matter of law, Defendants have failed to provide equal opportunity in the use of its public accommodation, *see* N.Y. Exec. Law § 290(3), and has directly refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof because of his disability. Furthermore, because of Defendants' callous disregard of its statutory obligations to provide reasonable accommodations and accessibility to individuals with disabilities, Defendants have demonstrated that the patronage, or custom thereat,

---

[5] *See State Division of Human Rights v. Cross and Brown*, 83 A.D.2d 993, 443 N.Y.S.2d 671 (1st Dep't 1981) (requiring place of public accommodation maintain a ramp at main entrance as reasonable accommodation to people with disabilities)

of persons having a disability are unwelcome, objectionable or not acceptable, desired or solicited. *See* N.Y. Exec. Law § 296 (2)(a).

      **D.**      **Compensatory and Statutory Damages**

New York City Human Rights Laws and New York City Human Rights Laws provide for compensatory damages for anyone aggrieved by discriminatory conduct. *See Kreisler v. Second Ave. Diner Corp.*, 2012 U.S. Dist. LEXIS 129298 (S.D.N.Y. Sept. 10, 2012) *see also Green v. City of New York*, 359 Fed. Appx. 197, 198 (2d Cir. N.Y. 2009)(Plaintiff is entitled to compensatory damages under the New York State Human Rights Law).

Here, there is sufficient basis for the court to award Plaintiff compensatory damages for Defendant's willful violation of New York State Human Rights Laws, New York State Civil Rights Laws, and New York City Human Rights Laws. Plaintiff was discriminated against on the basis of his disability and understands that defendants have purposely ignored the decades old accessibility laws of New York City Administrative Code which demand the removal of architectural barriers. Such reckless disregard for Plaintiff's civil rights is a blow to his self-esteem. (*See* Decl. of Edwin Zayas ¶ 4-9). Consequently, Plaintiff respectfully request an entry granting Plaintiff default judgment on his New York State and New York City Human Rights claims, and award Plaintiff $1500 on the issue of compensatory damages for Defendant's past and continuing callous discrimination in violation of New York State Human Rights Laws and New York City Human Rights Laws.

      The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage "other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Okoumou v. Cnty. Recovery Corp.*, 2009 WL 6910263, at *2 (N.Y.C.Com.Hum.Rts. June 1, 2009); *see also Gardner v. I.J.K. Serv. Inc.,* 2009 WL 6929883 (N.Y.C.Com.Hum.Rts. Feb. 19, 2009) (similar). Likewise, the Commission has awarded damages of under $5,000 where the complainant was expressly told that the business did not wish to serve individuals with disabilities. *Peters v. Cunningham's*

*Florist*, 1993 WL 856502 (N.Y.C.Com. Hum.Rts. Aug. 31, 1993) (awarding $5,000 where florist told complainant that wheelchairs [*43] were not allowed in the store); *Zgardowski v. Caprice*, 1990 WL 712650 (N.Y.C.Com.Hum.Rts. Oct. 1, 1990) (awarding $2,500 where store owner told complainant, who used a wheelchair, to "[g]et those things out of here"); *Figueroa v. New Yu Lung Corp.*, 1980 WL 140988 (N.Y.C.Com.Hum.Rts. Dec. 5, 1980) (awarding $1,200 where restaurant manager refused to serve complainant because he used a wheelchair and said disabilities made patrons uncomfortable).

*Kreisler v. Second Ave. Diner Corp.*, 2012 U.S. Dist. LEXIS 129298, 41-44 (S.D.N.Y. Sept. 10, 2012) (Court awarded $1000 in damages to a Plaintiff who feels discriminated against because he is unable to access a public accommodation).

Consequently, Plaintiff respectfully requests an award of $1500 in compensatory damages.

Furthermore, because Defendants have failed to comply with its legal obligations pursuant to New York State Human Rights Laws, New York's Civil Rights law 40-d authorizes statutory damages of $100 to $500 per violation. In this case, since Defendants violated both the New York State Human Rights Law, and New York State Civil Rights Law, for failing to provide an accessible route to enter the public accommodation, accessible means of egress, accessible walkway, sufficient maneuvering clearance to access the entrance door, sufficient turning radius and maneuvering clearance in the bathroom, accessible bathroom door hardware, bathroom does not have sufficient clear floor space, lavatory and sinks are accessible, accessible clear floor space to access the bathrooms sink. (*See,* Doc. No. 10; Amended Complaint ¶¶ 36a – 36n). Plaintiff respectfully requests that the court assess statutory damages in the amount of $1000. *See* New York State Civil Rights Law 40-d.

### E.   Plaintiff is Entitled to Seek a Statutory Award of Attorney's Fees and Costs Against Defendants

Pursuant to 42 U.S.C. § 12205 and NYC Administrative Code § 8-502(f), in any action commenced under the American with Disabilities Act or New York City Human Rights Law, a

court may, in its discretion, make an award to a prevailing party reasonable attorney's fees, including litigation expenses and costs.

In the matter at bar, Plaintiff asserted claims against Defendants and thus, under the provenance of 42 US 12205 and NYC Administrative Code **§** 8-502(f)**.**  Consequently, Plaintiff submits the instant application for an award of reasonable attorney's fees and costs in pursuing this matter against Defendants.

To qualify as a prevailing party, a civil rights plaintiff must obtain some relief on the merits of their claim, and obtain an enforceable judgment against the Defendants from whom fees are sought.  *Hewitt v. Helms*, 482 U.S. 755, 760, 96 L.Ed.2d 654, 107 S.Ct. 2672 (1987); *see*, *Fatsis v. 360 Clinton Ave. Tenants Corp.*, 272 A.D.2d 571 (2nd Dept. 2000).  Success on any significant issue in litigation that achieves some of the benefit sought is sufficient to qualify as a prevailing party for the purposes of determining an award of attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Here, plaintiff moved for default judgment and a permanent injunction.  If the court grants the default judgment or permanent injunction plaintiff shall have obtained an enforceable judgment, which qualifies him as a prevailing party for the purpose of seeking an award of attorney's fees and costs against Defendants.

###### F.    The Amount of Attorney's Fees and Costs Plaintiff Seeks Are Reasonable

In determining whether the amount claimed in attorney's fees and costs by a successful plaintiff are reasonable, the Court of Appeals recognized the discretionary inquiry enunciated by the U.S. Court of Appeals for the Second Circuit in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182 (2nd Cir. 2007)).  In *Arbor Hill*, the Second Circuit abandoned the use of the lodestar method, and adopted the "reasonable

presumptive fee" in calculating attorney's fees -- essentially, the reasonable hourly rate is one which a paying client would pay. *Arbor Hill*, *supra*, at 190.

In determining this rate, the Second Circuit adopted the twelve factors to guide the inquiry as to what constitutes a reasonable hourly rate. *See Friedman v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 64541 * 25-26 (E.D.N.Y. Mar. 28, 2013) citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 187 n. 3 (2d Cir. 2008). That is: (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

In addition to these factors, the *Arbor Hill* Court counseled courts determining the reasonableness of fee applications to bear in mind all of the case-specific variables that the Second Circuit and other courts have identified as relevant to the reasonableness of the attorney's fees in setting a reasonable hourly rate, which is, the rate a paying client would be willing to pay. *Hardaway v. Ridgewood Corp.*, 706 F. Supp. 2d 436, 438 (S.D.N.Y. 2010) quoting *Arbor Hill*, *supra*, at 190. In determining a reasonable rate, courts should consider a paying client wishes to spend the minimum necessary to litigate their case effectively, as well as that a client may be able to negotiate with their attorney, using the attorney's desire to obtain the reputational benefits that might accrue from being associated with the case. *See id*.

1.      The *Arbor Hill* Factors

a.      **Plaintiff's counsel's hourly rate charged to paying clients**

As noted in Plaintiff's counsel's declaration, in cases under Title III of the ADA, counsel regularly charges, and receives, $395.00 per hour to clients who retain the firm on an hourly fee basis.  (*See* Decl. of James E. Bahamonde at ¶ 12).  Because "the best measure of the cost of an attorneys' time is what that attorney could earn from paying clients" *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993), "[t]he attorneys' actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307,1310 (7th Cir. 1996) quoting *Gusman*, 986 F.2d at 1150).

Indeed, the hourly fee charged by Plaintiff's counsel to paying clients is more than reasonable when compared to the hourly fees awarded to counsel in recent, and relatively recent, cases in the New York City metropolitan area.  *See*, *e.g.*, *Rodriguez v. McLaughlin*, 84 F.Supp.2d 417 (S.D.N.Y. 1999) (15 years ago, $425 reasonable hourly rate for partner at civil rights firm); *Moon v. Kwan*, 2002 U.S. Dist. LEXIS 21775 (S.D.N.Y. Nov. 8, 2002) (10 years ago, awarding $350 for experienced civil rights attorney); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 190 F.Supp.2d 407,426 (E.D.N.Y. 2002) rev'd sub nom on other grounds, *Empire Healthchoice, Inc. v. Philip Morris, Inc.*, 393 F.3d 312 (2d Cir. 2004) (seven years ago; statutory fee-shifting; Dewey Ballantine partners' rate of $449-540 did not exceed norm for New York community); *Ursa Minor, Ltd. v. Aon Fin. Prods.*, 2001 U.S. Dist. LEXIS 7455, *18-20 (12 years ago; contractual fee shifting; hourly rates of $450-550 for partners, $335 for senior associates and $285 for mid-level associates within normal New York City range); *Bianco v. Erkins*, 284 B.R. 349, 352 (S.D.N.Y. 2002) (10 years ago; breach of contract; partner rate of $535-595 reasonable).

Moreover, the fact that counsel is a solo practitioner should not be determinative of the appropriate hourly rate.  *See, e.g.*, *McDonald v. Pension Plan of The NYSA-ILA Pension Trust Fund*, 450 F.3d 91 at n. 6 (2nd Cir. 2006) (district court should not treat attorney's status as solo practitioner as grounds for automatic reduction in reasonable hourly fee; court *may* look to rates charged by similarly situated, including large- and medium-sized firms) (emphasis in original); *see also*, *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2nd Cir. 1989).

### b.     Novelty and difficulty of questions presented

Concededly, the instant matter consisted of a set of fairly straightforward Federal, State and municipal civil rights claims against Defendant.  However, despite that this case presented neither new or difficult questions for the Court to consider, as the *Arbor Hill* Court makes clear, the standard for determining the correct hourly rate for attorney's fees is counsel's current customary rates, with consideration paid to other factors enumerated and discussed in this Memorandum.

### c.     Plaintiff Obtained an Overall Successful Result in this Action And the Amount Obtained.

It is well-established that the degree of success obtained is a factor to consider in determining the reasonableness of counsel's fees.  *See*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see*, *e.g.*, *Peacock v. Schwartz*, 154 F.Supp.2d 428,430 (E.D.N.Y. 2001) (degree of success is a factor in considering and awarding attorneys' fees).  In the matter at bar, Plaintiff anticipates obtaining a default judgment and permanent injunction, as well as statutory and compensatory damages.

The injunctive relief will enjoin defendants from future violations of Plaintiff's, as well as others similarly situated, Federal, State and City civil rights.

### d. Time and Labor Required

Plaintiff's counsel, James E. Bahamonde, spent a total of 21.6 hours in this case and incurred $620 in legal expenses.  (*See* Declaration of James E. Bahamonde ¶¶ 12 – 16, Exhibits 6 and 7).

### e. Preclusion of Other Employment and The Length of Counsel's Professional Relationship with Plaintiff

Counsel was precluded from pursuing other matters by accepting this case.  Although counsel did not expend an exorbitant amount of time on this action, because he is a solo practitioner, and has limited time and resources, other employment opportunities had to be passed over while counsel shepherded this matter to its successful completion.

### f. Plaintiff has an Hourly Fee Agreement with Counsel

Prior to the commencement of the instant case, Plaintiff entered into a retainer agreement with counsel, which charges an hourly fee of $395 for work counsel performed on the case.  Thus, the fee counsel may receive is not limited by a contingency arrangement, or any other private agreement between the parties.  *See*, *e.g.*, *Venegas v. Mitchell*, 495 U.S. 82, 87-88, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990) (even where statute provides fee-shifting mechanism, deference still given to private agreements between the parties; private agreements co-exist with fee shifting statutes).

### g. Desirability of the Case

The instant action is not the sort of case attorneys would be eager to take because there is not a great potential for significant damages.

### h. Experience, Reputation and Skill of Plaintiff's counsel

As mentioned in attached Declaration of James E. Bahamonde, counsel has been practicing law in both Federal and State courts for approximately 17 years, of which nearly 16

have been spent as a solo practitioner primarily focusing on disability discrimination and civil rights cases.  In that time, Plaintiff's counsel has litigated more than 125 civil rights cases on behalf of other plaintiffs.  Thus, counsel is both skilled and experienced in matters such as the present one at bar, and should be compensated as such.

      2.      **The Hours Claimed Are Reasonable and Recorded**

The party seeking an award of fees should submit evidence to support the number of hours worked and rates claimed.  However, the attorney "is not required to record in great detail how each minute of time was expended.  But at least counsel should identify the general subject matter of his time expenditures." *N.Y.S. Teamsters Conference Pension & Retirement Fund v. United Parcel Serv., Inc.*,  2004 U.S. Dist. LEXIS 3062, *10  (N.D.N.Y. Feb. 27, 2004) (citing *Hensley*, *supra*, at 437 n. 12); *see also*, *Tufano v. Riegel Transportation, Inc.*, 2006 U.S. Dist. LEXIS 59519, *20 (E.D.N.Y. Aug. 23, 2006).  Plaintiff's submission herewith, encompassing four (4) pages of contemporaneous time and billing records attached to the Bahamonde Declaration clearly satisfies these requirements. To determine the number of hours that are properly compensable, the Court must initially consider the amount of time reasonably spent on each category of tasks, as documented by the contemporaneous time records of the moving party's attorneys.  In calculating the number of reasonable hours, the court looks to its own familiarity with the case, its experience with the case, and its experience generally, as well as to the evidentiary submissions and arguments of the parties.  *See Pinner v. Budget Mortgage Bankers, Ltd.*, 336 F.Supp.2d 217, 221 (E.D.N.Y. 2004).

The Bahamonde Declaration outlines the procedural history of the action and provides computerized time sheets memorializing contemporaneous time records for the 21.60 hours of work completed on the matter, which includes two substantive motions- i.e.,  a motion for

default and permanent injunction, and motion for attorney's fees and costs.

3.    **Attorney's Fees Incurred in Making This Motion and Costs Should Be Awarded**

Attorneys' fees should be awarded for time spent on this fee application -- so-called "fees on fees."  It is well-settled that time reasonably spent by plaintiff's attorneys in establishing their fee pursuant to fee-shifting statutes, such as 42 U.S.C. § 12205, is recoverable.  *See*, *e.g.*, *Pascuiti v. N.Y. Yankees*, 108 F.Supp.2d 258,273 (S.D.N.Y. 2000) (awarding prevailing plaintiff attorneys' fees for time spent preparing its motion for attorney's fees); *see*, *Gagne v. Maher*, 594 F.2d 336,344 (2d Cir. 1979), *aff'd on other grounds*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) ("time reasonably spent by plaintiff's attorneys in establishing their fee" pursuant to fee shifting statutes is "compensable"); *see also*, *Davis v. City of New Rochelle, N.Y.*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994).

Consequently, plaintiff seeks the award of the attorney's fees in the amount of $8532.00 (21.6 hours * $395).

**<u>Litigation Costs</u>**

Finally, in addition to attorneys' fees, taxable and discretionary costs were incurred in connection with the litigation of this action. These costs and out-of-pocket expenses are of the type routinely billed by Counsels' fee-paying clients, are necessary items incurred in the litigation process and, pursuant to Section 12205, may be awarded on this fee application. The plaintiff is also entitled to costs or "those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *Jackson v. Nassau County Board of Supervisors*, 157 F.R.D. 612, 619 (E.D.N.Y. 1994).

In the instant action, plaintiff incurred expenses related to filing fee and process service

fees in the amount of $620.  (*See* Decl. of James E. Bahamonde ¶ 13, 15 and Exhibit 6).

Accordingly, Plaintiff respectfully requests that Defendants be ordered to reimburse Plaintiff for these reasonable costs.

## IV.   CONCLUSION

For all the foregoing reasons set forth above, Plaintiff respectfully requests an order granting default judgment against Defendants for its failure to plead or respond, a permanent injunction enjoining Defendants from further discrimination and compelling Defendants to remove the architectural barriers, an award of statutory and compensatory damages in the total amount of $2500,[6] and attorney's fees and costs in the amount of $9152.00 ($8532.00 + $620).

Dated: July 20, 2018
North Bellmore, New York

_____/s/ James E. Bahamonde_____
JAMES E. BAHAMONDE, ESQ
Attorney for Plaintiff
Law Offices of James E. Bahamonde, P.C.
2501 Jody Court
North Bellmore, New York 11710

TO:
216 Manhattan Realty LLC

Chawlas2 NYC Inc.

---

[6] Compensatory damages in the amount of $1500 and statutory damages in the amount of $1000.